Argued October 25, affirmed November 24, 1965

# CONSOLIDATED RANCHES, INC. *v.* CHASE LAND & CATTLE CO., INC., MAYFIELD ET UX

408 P. 2d 203

96

*Charles F. Boardman,* Bend, argued the cause and filed briefs for appellant.

*Lyman C. Johnson,* Bend, argued the cause for intervenors and respondents. With him on the brief were McKay, Panner, Johnson & Marceau, Bend.

Before McAllister, Chief Justice, and Perry, Sloan, Goodwin, Denecke, Lusk and Schwab, Justices.

GOODWIN, J.

Consolidated Ranches, Inc., brought action against Chase Land and Cattle Co., Inc., for $25,000 alleged to be payable under a contract. William R. Mayfield and wife filed a complaint in intervention, claiming the money was due them. Chase paid the money into

court. The trial court entered judgment for the May-fields. Consolidated appeals.

Most of the facts were stipulated. The relevant facts not agreed upon were proven by evidence which Consolidated now contends was inadmissible.

Chase entered into a contract with Consolidated for the purchase of a number of ranches in which Consolidated owned interests. Consolidated was in financial difficulties and was being pressed by creditors. One of the ranches being considered by Chase was encumbered by a mortgage in favor of the Mayfields. The Mayfields also had unsecured claims against Consolidated and against other corporations owned by its principal stockholder, one Robert Eslinger. Paragraph 15 of the Chase-Consolidated contract provided as follows:

> "As part of the consideration hereunder  *  *  *, Chase must pay into escrow to the office of James F. Bodie, Trustee,  *  *  *  the sum of $25,000.00 cash and the said James F. Bodie will [be] directed and authorized to disperse the same to Consolidated Ranches, Inc. when he has been delivered a satisfaction of mortgage executed by William R. Mayfield and Marian Mayfield, husband and wife, satisfying a certain mortgage executed by Bar-T Cattle Co., Inc. to said Mayfield and wife dated December 23, 1963."

■ While Consolidated has failed to assign any error, as is required by Rule 19 of the rules of procedure of this court, we did not strike the brief because counsel may have been confused as to whether the case was in law or in equity. The record, for example, contains an unexplained designation of the judgment as a decree.

In any event, from our examination of the briefs

and record we gather that the gist of Consolidated's displeasure with the proceedings below is that the trial court permitted the Mayfields to prove by parol evidence that the above-quoted paragraph of the Chase-Consolidated contract was in truth intended to be a third-party beneficiary contract requiring the escrow to deliver the $25,000 to the Mayfields in exchange for their satisfaction of the mortgage.

■ The receipt of such parol evidence is challenged on the ground that the contract is not ambiguous, in that it clearly provides that the money is to be "dispersed" to Consolidated. We assume that Consolidated's draftsman, at the time of the making of the contract, may have wanted the money disbursed to Consolidated, or at least to the order of Consolidated, but we are not as certain as Consolidated is that the contract was free from extrinsic ambiguity. Under ORS 41.740 (the parol-evidence statute), such ambiguity can be explained.

■ The evidence objected to was, if admissible, more than adequate to support the trial court's finding that the parties to the contract actually intended that the $25,000 be disbursed to the Mayfields upon their delivery of the required satisfaction. The evidence admits of no other construction.

The contract was negotiated for Consolidated by Eslinger, and for Chase by Ralph Brown. Both Brown and Eslinger, as witnesses, testified that they understood that the Mayfields were to receive the $25,000. Brown called the Mayfields while Eslinger was in Brown's office, and both Eslinger and Brown informed them that they would receive the $25,000. Brown confirmed this telephone conversation; Eslinger hedged, but did not deny it.

The understanding with the Mayfields was not incorporated into the written memorandum, however, and Consolidated now contends (a) that the parol-evidence rule excludes proof of such an understanding, true or untrue, and (b) that, even if the evidence is admissible, and believed, Eslinger had no authority to bind Consolidated to any such ancillary agreement.

■ We will dispose first of the question of Eslinger's authority to bind his corporation. That was a question solely of fact. The record contains abundant evidence to support the trial court's finding that Eslinger was representing Consolidated and was authorized to enter into the agreement to turn the $25,000 over to the Mayfields. For all practical purposes, Consolidated was merely one of several corporate alter egos of Eslinger.

■ Turning to the more troublesome issue of parol evidence, and the proof of the actual agreement, it must be kept in mind that the parol-evidence rule functions to keep the parties to an integrated writing, and their privies, if they later become adversaries, from denying or changing the terms of their writing. ORS 41.740.

■ Here, the representatives of the two corporations making the contract were, at one time, at least, in substantial agreement about what they meant. They meant to modify the writing by an oral agreement to protect the Mayfields. The parol-evidence rule is now being invoked by Consolidated, either under new management or because of a change of heart, against a third party who claims the benefit of a provable creditor-beneficiary agreement. Under these circumstances, it is not even necessary for the proponent of the evidence to show that the agreement was ambiguous be-

fore proving the intent of the parties by evidence of the surrounding circumstances and negotiations. *Phez Co. v. Salem Fruit Union et al,* 113 Or 398, 427, 233 P 547 (1925).

■ Whether or not ORS 41.740 would be an embarrassment to the original parties to the writing, it does not bar an innocent third party. *Carolina Casualty Ins. Company v. Oregon Automobile Ins. Company,* 242 Or 407, 408 P2d 198 (1965).

Affirmed.